IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SUNBELT RENTALS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:25-cv-03007 |
| NAUTILUS INSURANCE COMPANY | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

COMES NOW Plaintiff Sunbelt Rentals, Inc. ("Sunbelt" or "Plaintiff") files this Original Complaint against Defendant Nautilus Insurance Company ("Nautilus" or "Defendant") and would respectfully show the Court as follows:

### I.
### NATURE OF THE ACTION

1. Plaintiff brings this claim for declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202.

2. Plaintiff seeks a declaratory judgment that Defendant owes full defense and indemnity to Plaintiff as an additional insured under Commercial General Policy No. ECP2034410-10 (the "CGL Policy") and Excess Policy No. FFX2034411-10 (the "Excess Policy") (collectively, the "Policies") for all claims asserted against Plaintiff with regard to Cause No. D-209348, *Kathryn Fabriguze, Individually and A/N/F of S.F., a minor; Rachel Grimh, as representative of the Estate of Harvey Fabriguze, deceased; Joan Bailly; and Brandon Fabriguze v. The Premcor Refining Group, Inc. d/b/a Valero Port Arthur Refinery; Diamond Green Diesel, LLC; Steel Painters, Inc.; Sunbelt Rentals Industrial Services, LLC d/b/a Sunbelt Rentals, Inc., and Terex Corporation d/b/a Genie Industries, Inc.*, in the 136th Judicial District of Jefferson

County, Texas, (the "Fabriguze Lawsuit"). A true and correct copy of the *First Amended Petition*, which added Sunbelt as a defendant, is attached as Exhibit 1 and incorporated herein. The operative petition in the Fabriguze Lawsuit is the *Fourth Amended Petition*, a true and correct copy of which is attached hereto as Exhibit 2 and incorporated herein.

## II.
## THE PARTIES

3. Plaintiff is a corporation organized under the laws of the State of North Carolina with its headquarters in Fort Mill, South Carolina. Accordingly, Plaintiff is a citizen of North Carolina and South Carolina. 28 U.S.C. § 1332(c)(1).

4. Defendant is a corporation organized under the laws of the State of Arizona with its headquarters in Scottsdale, Arizona. Accordingly, Defendant is a citizen of Arizona. 28 U.S.C. § 1332(c)(1).

5. Defendant may be served by and through its Registered Agent for Service in the State of Texas: the Texas Commissioner of Insurance located at Texas Department of Insurance, Chief Clerk Office, Mail Code GC-CCO, PO Box 12030, Austin, Texas 78711-2030.

## III.
## JURISDICTION

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

## IV.
## VENUE

7.      Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this District and the Houston Division, specifically, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## V.
## FACTUAL BACKGROUND

8.      On February 7, 2022, Steel Painters, Inc. ("Steel Painters") entered into the Rental Contract with Sunbelt for the use of equipment – a manlift. A true and correct copy of the Rental Contract is attached hereto as Exhibit 3 and incorporated herein.

9.      Pursuant to the Rental Contract, Steel Painters "**ASSUME[D] ALL RISK ASSOCIATED WITH THE POSSESSION, CONTROL, OR USE OF THE EQUIPMENT, INCLUDING BUT NOT LIMITED TO PERSONAL INJURY, DEATH**…." and "**RELEASE[D] SUNBELT ENTITIES FROM ALL LIABILITIES AND DAMAGES (INCLUDING LOST PROFITS, PERSONAL INJURY, AND SPECIAL, INCIDENTAL AND CONSEQUENTIAL DAMAGES, EVEN IF ADVISED OF THE POSSIBILITY OF SUCH DAMAGES) IN ANY WAY CONNECTED WITH THE EQUIPMENT, ITS INSTALLATION, OPERATION OR USE OR ANY DEFECT OR FAILURE THEREOF**…" Exhibit 3 at ¶¶ 6-7 (bold and capitalization in original).

10.     The Rental Contract also contained the following terms:

**8)      RELEASE AND INDEMNIFICATION. TO THE FULLEST EXTENT PERMITTED BY LAW, CUSTOMER INDEMNIFIES, RELEASES, HOLDS SUNBELT ENTITIES HARMLESS AND AT SUNBELT'S REQUEST, DEFENDS SUNBELT ENTITIES (WITH COUNSEL APPROVED BY SUNBELT), FROM AND AGAINST ALL LIABILITIES, CLAIMS, LOSSES, DAMAGES, AND EXPENSES (INCLUDING ATTORNEY'S AND/OR LEGAL FEES AND EXPENSES) HOWEVER ARISING OR INCURRED, RELATED TO ANY INCIDENT, DAMAGE TO PROPERTY,**

**INJURY OR DEATH OF ANY PERSON, CONTAMINATION OR ALLEGED CONTAMINATION, OR VIOLATION OF LAW OR REGULATION CAUSED BY OR CONNECTED WITH THE (a) ACCESS, USE, POSSESSION OR CONTROL OF THE EQUIPMENT BY CUSTOMER OR ANY THIRD PARTY THAT CUSTOMER IMPLICITLY OR EXPLICITLY PERMITS TO ACCESS, USE, POSSESS OR CONTROL THE EQUIPMENT DURING THE RENTAL PERIOD OR (b) BREACH OF THIS CONTRACT, WHETHER OR NOT CAUSED IN PART BY THE ACTIVE OR PASSIVE NEGLIGENCE OR OTHER FAULT OF ANY PARTY INDEMNIFIED HEREIN AND ANY OF THE FOREGOING ARISING OR IMPOSED IN ACCORDANCE WITH THE DOCTRINE OF STRICT OR ABSOLUTE LIABILITY. CUSTOMER ALSO AGREES TO WAIVE ITS WORKERS' COMPENSATION IMMUNITY, TO THE EXTENT APPLICABLE. CUSTOMER'S INDEMNITY OBLIGATIONS SHALL SURVIVE THE EXPIRATION OR TERMINATION OF THIS CONTRACT.** All of Customer's indemnification obligations under this paragraph shall be joint and several.

**9)   INSURANCE.** During the Rental Period, Customer shall maintain, at its own expense, the following minimum insurance coverage: (a) for Customers using Equipment for non personal use, general liability insurance of not less than $1,000,000 per occurrence, including coverage for Customer's contractual liabilities herein such as the release and indemnification clause contained in Section 8; (b) for Customers using Equipment for non personal use, property insurance against loss by all risks to the Equipment, in an amount at least equal to the FMV thereof, unless RPP is elected at the time of rental and paid for prior to any Incident; (c) worker's compensation insurance as required by law; and (d) automobile liability insurance (including comprehensive and collision coverage, and uninsured/underinsured motorist coverage), in the same amounts set forth in subsections (a) and (b), if the Equipment is to be used on any roadway. Such policies shall be primary, non-contributory, on an occurrence basis, contain a waiver of subrogation, name Sunbelt and its agents as an additional insured (including an additional insured endorsement) and loss payee, and provide for Sunbelt to receive at least 30 days prior written notice of any cancellation or material change. Any insurance that excludes boom damage or overturns is a breach. Customer shall provide Sunbelt with certificates of insurance to insurancecertificates@sunbeltrentals.com evidencing the coverages required above prior to any rental and any time upon Sunbelt's request. To the extent Sunbelt Entities carry any insurance, Sunbelt Entities' insurance will be considered excess insurance. The insurance required herein does not relieve Customer of its responsibilities, indemnification, or other obligations provided herein, or for which Customer may be liable by law or otherwise.

<u>Exhibit 3</u> at ¶¶ 8-9 (bold and capitalization in original).

11. On or about, February 18, 2022, Harvey Fabriguze ("Fabriguze") sustained fatal injuries from an accident that occurred while he was using the leased equipment. *See* Exhibit 1 and Exhibit 2.

12. At the time of Fabriguze's death, Steel Painters was insured by two policies issued by Nautilus: the CGL Policy and the Excess Policy. A true and correct copy of the CGL Policy is attached hereto as Exhibit 4 and incorporated herein. A true and correct copy of the Excess Policy is attached hereto as Exhibit 5 and incorporated herein.

13. Pursuant to the insurance provisions of the Rental Contract, Exhibit 3 at ¶ 9, Sunbelt is an additional insured under the CGL Policy and the Excess Policy.[1]

14. On October 5, 2022, Constitution State Services ("CSS"), the claims administrator for Sunbelt, tendered the claims made against Sunbelt by Fabriguze's estate and heirs ("Plaintiffs") to Steel Painters for defense and indemnity. A true and correct copy of Denis Farrell's letter to Steel Painters dated 10/5/2022 (the "Original Tender Letter") is attached hereto as Exhibit 6 and incorporated herein.

---

[1] The CGL Policy contains an endorsement, "Additional Insured – Lessor of Leased Equipment Automatic Status – Coverage A & B," which states:

> **SECTION III – WHO IS AN INSURED** is amended to include as an additional **insured** any person(s) or organization(s) from whom you lease equipment with whom you have agreed under a written contract or written agreement, in effect during this **policy period,** that such person(s) or organization(s) be added as an additional **insured** on this policy, but only with respect to liability for **bodily injury** or **property damage** under **SECTION I – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** or **personal and advertising injury** under **SECTION I –COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY** directly caused by your maintenance, operation or use of equipment leased to you by such person(s) or organization(s). Such contract or agreement must be executed and in effect prior to your maintenance, operation or use of such leased equipment.
> However:
> 1. The insurance afforded to such additional **insured** only applies to the extent permitted by law; and
> 2. We will not extend any insurance coverage to such additional **insured** that is not provided to you in this policy; and
> 3. The insurance afforded to such additional **insured** will not be broader than that which you are required by the contract or agreement to provide for such additional **insured.**

Exhibit 4, ECP 1239 01 21 (bold and capitalization in original) (highlighting added). The Excess Policy is a "follow form" policy and uses the same definitions as the underlying, CGL Policy. *See* Exhibit 5, FFX 8000 03 20.

**COMPLAINT**                                                                                                                              **Page 5**

15. Steel Painters provided the Original Tender Letter to its insurer, Nautilus.

16. On October 17, 2022, Berkley Environmental ("Berkley"), the claims administrator for Nautilus, acknowledged the tender but said it was premature because suit had not yet been filed. A true and correct copy of Andrew Knipe's email to Denis Farrel, sent 10/17/2022, is attached as Exhibit 7 and incorporated herein.

17. On November 8, 2023, Decedent's heirs and estate sued Sunbelt, *et al*, asserting the following causes of action against Sunbelt: (1) products liability; (2) negligence; and (3) gross negligence. *See* Exhibit 1 at Sections and VII, VIII, IX, and XII.

18. On November 28, 2023, CSS tendered the Fabriguze Lawsuit to Nautilus for defense and indemnity via email. A true and correct copy of Denis Farrell's email to Nautilus dated 11/28/2023 (the "Second Tender Letter") is attached hereto as Exhibit 8 and incorporated herein.

19. On March 14, 2024, Berkley, on behalf of Nautilus, agreed to defend Sunbelt under a reservation of rights letter. Nautilus declined to defend or indemnify Sunbelt on the basis of contractual indemnification. In this Letter, Nautilus also claimed it has no obligations to indemnify Sunbelt for Claims 1 and 2 of the Fabriguze Lawsuit that pertain to Sunbelt's negligence under products liability but cited no policy provision to support this assertion. A true and correct copy of Berkley's letter to CSS, dated 03/14/2024, is attached hereto as Exhibit 9 and incorporated herein.

20. On April 30, 2025, Berkley confirmed that Nautilus owes a defense to Sunbelt but, once again, asserted that Nautilus has no duty to indemnify. Berkley cited no policy provision to support its assertion that indemnity is not owed. A true and correct copy of Berkley's letter to CSS, dated 04/30/2025, is attached hereto as Exhibit 10 and incorporated herein.

21. To date, Sunbelt has incurred over three hundred thousand dollars in attorney fees and expenses defending the Fabriguze Lawsuit. Sunbelt has yet to be reimbursed and Berkley has

indicated they will only pay half of Sunbelt's fees and expenses. A true and correct copy of Berkely's email to CSS, sent 5/29/2025, is attached hereto as <u>Exhibit 11</u> and incorporated herein.

22. The Fabriguze Lawsuit is currently set for Jury Trial on October 6, 2025.

## VI.
## SUIT FOR DECLARATORY JUDGMENT

23. Sunbelt incorporates by reference the allegations contained in Paragraphs 1-22 above as though fully set forth herein.

24. As set forth above, there is an actual controversy concerning the insurance coverage available and owed to Sunbelt concerning the Fabriguze Lawsuit.

25. The terms of the CGL Policy and Excess Policy are clear and unequivocal. Nautilus has both a duty to defend and a duty to indemnify Sunbelt in the Fabriguze Lawsuit, but it has failed to defend Sunbelt and has anticipatorily breached its obligation to indemnify Sunbelt. Therefore, Sunbelt asks that it be granted the following relief from this Court:

   a. a declaration by the Court that the CGL Policy and Excess Policy provide coverage to Sunbelt as an additional insured, and that Nautilus owes a duty to defend Sunbelt in the Fabriguze Lawsuit;

   b. a declaration that the additional insurance coverage owed to Sunbelt under the CGL Policy and Excess Policy is primary to and noncontributory with any coverage owed to Sunbelt under any policy of insurance issued to Sunbelt as a named insured;

   c. a declaration that Nautilus must reimburse Sunbelt, as an additional insured, for defense costs incurred on behalf of Nautilus in the Fabriguze Lawsuit;

d. a declaration that Nautilus must indemnify Sunbelt as an additional insured for the amount of any judgment in favor of or settlement with the plaintiffs in the Fabriguze Lawsuit;

e. a declaration that, regardless of whether Sunbelt is an additional insured under the CGL Policy and Excess Policy, the Rental Contract is an "insured contract" as defined by the CGL Policy because Steel Painters assumed the tort liability of Sunbelt within the indemnification provision of that agreement, and therefore Sunbelt is entitled to flow-through coverage under the CGL Policy and Excess Policy for defense costs and for any part of a judgment or settlement attributable to Sunbelt's negligence as Steel Painters' contractual indemnitee because the CGL Policy and Excess Policy provide coverage for Steel Painters' contractual obligations; and

f. such other and further relief as the Court deems just and equitable under the circumstances.

## VII.
## CLAIM FOR BREACH OF CONTRACT

26. Plaintiff incorporates by reference the allegations and averments contained in Paragraphs 1 through 25 above, as though set forth fully herein.

27. As set forth above, Sunbelt is an additional insured on the CGL Policy and Excess Policy and/or the holder of an insured contract as defined therein. Sunbelt has performed all obligations and conditions precedent to recovery under the insurance contract.

28. Defendant has breached the CGL Policy and Excess Policy by failing to defend Sunbelt in the Fabriguze Lawsuit on a primary and noncontributory basis and has anticipatorily repudiated any obligation to indemnify Sunbelt in the Fabriguze Lawsuit.

29. The breaches by Nautilus of the CGL Policy and Excess Policy have caused and continue to cause Sunbelt substantial injury.

30. Sunbelt seeks the recovery of all reasonable fees and expenses incurred as a result of Nautilus' breach of contract, together with all reasonable and necessary attorneys' fees incurred in the prosecution of this claim in accordance with Texas law, and all taxable costs of court.

## VIII.
## DEMAND FOR JURY TRIAL

31. Sunbelt hereby respectfully requests a trial by jury for all claims and/or issues

## IX.
## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Sunbelt Rentals, Inc. prays for judgment: (1) declaring the rights and obligations of the parties as requested above; (2) awarding to Sunbelt as damages all reasonable fees and expenses incurred as a result of Nautilus' breaches of contract, including all reasonable and necessary attorneys' fees incurred in the defense of this action and prosecution of this lawsuit; (3) awarding to Sunbelt all taxable costs of court; and (4) granting such other and further relief, both at law and in equity, as Sunbelt may show itself justly entitled.

[*signature on following page*]

Respectfully submitted,

/s/ *Carin L. Marcussen*
Carin L. Marcussen
  Texas Bar No: 24122467
  Federal ID No. 3732978
  cmarcussen@lawla.com
Anhkiet Hoang
  Texas Bar No: 24100124
  Federal ID No. 3879098
  ahoang@lawla.com
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:   (713) 222-1996
**ATTORNEYS FOR PLAINTIFF**
**SUNBELT RENTALS, INC.**